Nicholson, C. J.,
delivered the opinion of the Court.
This case was commenced before a Justice of the Peace, in Shelby county, on a note of the Packet Co., being a Corporation, for about $1,600, reduced by *560 credits to less than $500. The note was given to one Dumont, in part payment for a steamboat, built by Dumont for the Packet Co., known as the Pat Cle-burne, and by him endorsed to Gaylord, Son & Co., in payment for materials needed in the construction of the boat.
It appears that at the same time that Dumont contracted with the agent of the Packet Co. to build and deliver the boat, he also contracted with Gaylord, Son & Co. for the iron and other materials necessary to the construction of the boat; and in payment for these materials Gaylord, Son & Co. agreed to receive the notes of the Packet Co., in four, six and seven months, which they had agreed to execute to Dumont on the delivery of the boat according to the plan specified. The boat was finished in July, 1870, and after having been tried on a short trip on the Ohio river, of one or two hours, it was accepted by the agent of the Packet Co., who executed the notes of the Company to Dumont, and took the boat South. On the same day, Dumont endorsed and delivered the notes to Gay-lord, Son & Co., in payment of their account against him for the materials furnished.
After the boat was taken South, it became necessary to make certain changes in the machinery and plan of the boat, which cost the Company about $300. They claimed a credit on their notes for this amount, which was refused by Gaylord, Son & Co., who claimed to be bona jicle holders of the note, taken before maturity and without notice of the claim. The company haying paid two of the notes, and enough on the third *561 to reduce it under $500, suit was brought for the balance before a Justice of the Peace.
Upon the trial of the cause, upon appeal, in the 1st Circuit Court of Shelby, several questions arose. The first was, Whether the boat was built under the supervision and direction, as to plan and details, of an agent of the Packet Co.; and if so built, and after a short trial, whether Dumont would be responsible for any failure to conform to the contract? The court charged the jury, that upon this state of facts, Dumont would not be responsible; but that if the boat was built by Dumont according to his own notions of the contract, then he would be responsible by way of offsets for the cost of making the boat conform to the contract, although the Company had received it after the short trial proved.
Upon these questions the jury found for the Packet Co., which left the question, Whether the Packet Co. had a right to claim the off-sets as against Gaylord, Son & Co., who were the endorsees of the note before its maturity. On this point the plaintiffs asked the court to charge as follows:
“If Dumont contracted with plaintiffs for materials to build a specific boat, in payment of which he was to give, and they were to accept, their note with Du-mont’s endorsement, (which note was to be given by defendants when the boat should have been finished,) and you find that' the materials were so furnished, and that the note was so given by defendants, and so endorsed by Dumont, and so received by plaintiffs, tluil. was in due course of trade, and Dlaintiffs should *562 recover; that it would make no difference that some time passed between the purchase and delivery of materials and the endorsement of the note by Du-mont to plaintiffs, if you shall believe that it was a single contract,' and that this note was actually endorsed and received as part pay for the goods thus sold and delivered.”
The court refused to give the instructions, but •charged that “if the work was done by Dumont under a warranty, express or implied (as he had explained), that it should answer the purpose designed, and it did not do so, and the defendants had to incur expense in making it correspond with the contract, then that ■expense, to the amount proven, should be allowed as a set-off against this note.”
This could have been understood by the jury in no other- light than that, upon the state of facts assumed in the requested charge, the note was not received in due course of trade, and was therefore subject to the set-óff in the hands of the plaintiffs. In this view it was not necessary for the court to repeat the same hypothetical state of facts, and instruct them that upon these facts found, the note was not received in due course of trade. This was done substantially in the charge, which is to be taken as a response to the instructions asked for.
There was no error, therefore, in refusing to give the instructions, if he was right as to the law applicable to the facts as assumed to be proven, and which were the true facts in proof. On this point we are -of opinion the court was clearly correct. The taking *563 ■of the notes by Gaylord, Son & Co., was a part of the arrangement by which Dumont was to carry out his contract with the Packet Co. They took the note in payment of their materials furnished, with a full knowledge that they had been used in enabling Du-mont to fulfill his contract, and that the notes- had been given upon the assumption that his contract had been properly fulfilled. They were in effect parties to the contract between Dumont and the Packet Co., and were subject to all the defenses on the note to which it would have been subject if the suit had been brought by Dumont. Whether the amount expended by the ' Packet Co. in making the boat answer the purposes which Dumont undertook to make it perform, be regarded as a failure of consideration, or damages by way of set-off, or recoupment, is wholly immaterial in the state of the pleadings — the case having originated before a Justice of the Peace, and the merits of the case having been reached.
The judgment is affirmed.